UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No.  18-10450-MLW |
| | ) | |
| 1.  ERICK LOPEZ FLORES, | ) | |
|     A/K/A "MAYIMBU"; | ) | |
| 2.  HENRI SALVADOR GUTIERREZ, | ) | Violation: |
|     A/K/A "PERVERSO"; | ) | |
| 3.  ELISEO VAQUERANO CANAS, | ) | Count One: |
|     A/K/A "PELIGROSO"; | ) | Conspiracy to Conduct |
| 4.  JONATHAN TERCERO YANES, | ) | Enterprise Affairs Through |
|     A/K/A "DESALMADO"; | ) | a Pattern of Racketeering |
| 5.  MARLOS REYES, | ) | Activity (18 U.S.C. § 1962(d)) |
|     A/K/A "SILENCIO"; and | ) | |
| 6.  DJAVIER DUGGINS | ) | RICO Forfeiture Allegation: |
|     A/K/A "HAZE," | ) | 18 U.S.C. § 1963 |
| | ) | |
|            Defendants. | ) | |

FIRST SUPERSEDING INDICTMENT

COUNT ONE:
18 U.S.C. §1962(d) – Conspiracy to Conduct Enterprise Affairs
Through a Pattern of Racketeering Activity

The Grand Jury charges that:

Introduction

At all times relevant to this Indictment:

The Enterprise

1.      La Mara Salvatrucha, also known as the MS-13 criminal organization (hereinafter "MS-13"), is composed primarily of immigrants or descendants of immigrants from Central America, with members operating throughout Massachusetts, including Boston, Lynn, Everett,

Chelsea, Somerville, and elsewhere. Members and associates of MS-13 have engaged in acts of violence, including murder, attempted murder, robbery, and assault, as well as other criminal activity, including narcotics trafficking, firearm possession, robbery, witness tampering, and witness retaliation.

2.      MS-13 is one of the largest criminal organizations in the United States, and is a national and international criminal organization with approximately 10,000 members and associates in the United States, and approximately 40,000 members and associates internationally. The leadership of MS-13 is based in El Salvador, with local leaders in the United States.

3.      MS-13 is organized in Massachusetts and elsewhere in the form of so-called "cliques"—that is, smaller groups acting under the larger mantle of MS-13 and operating in a specific region, city, or part of a city.  Some of the cliques in Massachusetts include Sykos Locos Salvatrucha, East Boston Locos Salvatrucha, Eastside Locos Salvatrucha, Enfermos Criminales Salvatrucha, Everett Locos Salvatrucha, Molinos Locos Salvatrucha, Trece Locos Salvatrucha, and Westers Locos Salvatrucha.

4.      MS-13 cliques actively recruit members, often juveniles inside middle and high schools from communities in Massachusetts, which have a large number of immigrants from El Salvador and other Central and Latin American countries.

5.      MS-13 cliques may have different leaders, chains of command, and areas of operation, but all MS-13 cliques share certain core operating principles, such as the need to attack rivals and those who cooperate with law enforcement against the gang. MS-13 cliques work both independently and cooperatively to engage in criminal activity on behalf of the MS-13 enterprise and to assist one another in avoiding detection by law enforcement.

6.     The following individuals were leaders, members, or associates of MS-13:

1.  ERICK LOPEZ FLORES, A/K/A "MAYIMBU";
2.  HENRI SALVADOR GUTIERREZ, A/K/A "PERVERSO";
3.  ELISEO VAQUERANO CANAS, A/K/A "PELIGROSO";
4.  JONATHAN TERCERO YANES, A/K/A "DESALMADO";
5.  MARLOS REYES, A/K/A "SILENCIO"; and
6.  DJAVIER DUGGINS, A/K/A "HAZE."

7.     MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit with a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

### Purposes of the Enterprise

8.     The purposes of the MS-13 enterprise included the following:

(a)     Promoting and enhancing the prestige, reputation, and position of the enterprise with respect to rival criminal organizations;

(b)     Preserving and protecting the power, territory, and criminal ventures of the enterprise through the use of intimidation, threats of violence, and acts of violence, including murder, attempted murder, and assault;

(c)     Keeping victims, potential victims, and community members in fear of the enterprise and its members and associates; and

(e)     Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

The Racketeering Conspiracy

9.      Beginning in approximately 2006, and continuing until the present, at Boston,

Lynn, Everett, Chelsea, Somerville, and elsewhere in the District of Massachusetts, and at other

places presently known and unknown, the defendants,

1. ERICK LOPEZ FLORES, A/K/A "MAYIMBU";
2. HENRI SALVADOR GUTIERREZ, A/K/A "PERVERSO";
3. ELISEO VAQUERANO CANAS, A/K/A "PELIGROSO";
4. JONATHAN TERCERO YANES, A/K/A "DESALMADO";
5. MARLOS REYES, A/K/A "SILENCIO"; and
6. DJAVIER DUGGINS, A/K/A "HAZE",

and others known and unknown to the Grand Jury, being persons employed by and associated with

MS-13, an enterprise which was engaged in, and the activities of which affected, interstate and

foreign commerce, did knowingly conspire to violate Title 18, United States Code, Section

1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of

the MS-13 enterprise through a pattern of racketeering activity, as that term is defined in Title 18,

United States Code, Sections 1961(1) and (5).

10.      The aforementioned pattern of racketeering activity consisted of:

(a)      acts involving murder, in violation of Massachusetts General Laws, Chapter

265, Section 1 (murder), Section 15 (assault with intent to murder), and Section 18 (armed

assault with intent to murder), and Massachusetts General Laws, Chapter 274, Section 6

(attempt to commit a crime, to wit: murder), and Section 7 (conspiracy to commit murder),

(b)      acts involving tampering with a witness, victim, or informant, in violation

of 18 U.S.C. § 1512;

(c)      acts involving retaliation against a witness, victim, or an informant, in

violation of 18 U.S.C. § 1513;

4

(d)     acts involving trafficking in controlled substances, including marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and

(e)     acts involving the possession and use of false identification documents, in violation of 18 U.S.C. § 1028.

11.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the MS-13 enterprise.

## Means and Methods of the Enterprise

12.     Among the means and methods by which the defendants and their co-conspirators conducted and participated in the conduct of the affairs of the MS-13 enterprise were the following:

(a)     Leaders, members, and associates of MS-13 used the MS-13 enterprise to commit, attempt to commit, and threaten to commit acts of violence, including murder, attempted murder, and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations;

(b)     Leaders, members, and associates of MS-13 used the MS-13 enterprise to promote a climate of fear through violence and threats of violence in order to intimidate and control potential rivals, and in order to intimidate and silence potential witnesses; and

(c)     Leaders, members, and associates of MS-13 followed certain core rules and operating principles, and sought to ensure compliance with these rules and principles by other members of the enterprise, including the core operating principles that: (i) members of the enterprise not act as informants for law enforcement authorities; and (ii) members of the enterprise attempt to kill members of rival gangs, including the 18th Street gang, whenever possible.

13.     The means and methods of the conspiracy included acts of murder and attempted murder, including the following:

(a)     On or about July 30, 2018, in Lynn, Massachusetts, ERICK LOPEZ FLORES, A/K/A "MAYIMBU," HENRI SALVADOR GUTIERREZ, A/K/A "PERVERSO," ELISEO VAQUERANO CANAS, A/K/A "PELIGROSO," JONATHAN TERCERO YANES, A/K/A "DESALMADO," MARLOS REYES, A/K/A "SILENCIO" and a juvenile known to the grand jury, acting deliberately with premeditated malice aforethought, and with extreme atrocity and cruelty, murdered Herson Rivas, in violation of M.G.L. c. 265, § 1.

(b)     On or about July 30, 2018, in Lynn, Massachusetts, ERICK LOPEZ FLORES, A/K/A "MAYIMBU," HENRI SALVADOR GUTIERREZ, A/K/A "PERVERSO," ELISEO VAQUERANO CANAS, A/K/A "PELIGROSO," JONATHAN TERCERO YANES, A/K/A "DESALMADO," MARLOS REYES, A/K/A "SILENCIO" and a juvenile known to the grand jury, unlawfully killed Herson Rivas with malice aforethought, in violation of M.G.L. c. 265, § 1.

All in violation of Title 18, United States Code, Section 1962(d).

<u>RICO FORFEITURE ALLEGATION</u>
18 U.S.C. § 1963

The Grand Jury further alleges that:

14.     The allegations contained in Count One are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963.

15.     Upon conviction of the offense in violation of Title 18, United States Code, Section 1962, set forth in Count One of this Indictment, the defendants,

1. ERICK LOPEZ FLORES, A/K/A "MAYIMBU";
2. HENRI SALVADOR GUTIERREZ, A/K/A "PERVERSO";
3. ELISEO VAQUERANO CANAS, A/K/A "PELIGROSO";
4. JONATHAN TERCERO YANES, A/K/A "DESALMADO";
5. MARLOS REYES, A/K/A "SILENCIO"; and
6. DJAVIER DUGGINS, A/K/A "HAZE",

shall forfeit to the United States pursuant to Title 18, United States Code, Section 1963:

(a)     all interests the defendants have acquired or maintained in violation of Title 18, United States Code, Section 1962, wherever located, and in whatever names held;

(b)     all interests in, securities of, claims against, or properties or contractual rights of any kind affording a source of influence over, any enterprise which the defendants have established, operated, controlled, conducted, or participated in the conduct of, in violation of Title 18, United States Code, Section 1962; and

(c)     all property constituting, and derived from, any proceeds that the defendants obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962.

7

16.   If any of the property described in paragraph 11 hereof as being forfeitable pursuant to Title 18, United States Code, Section 1963, as a result of any act and omission of the defendants—

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred to, sold to, or deposited with a third party;

(c)   has been placed beyond the jurisdiction of this Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendant.

All pursuant to Title 18, United States Code, Section 1963.

A TRUE BILL,

FOREPERSON OF THE GRAND JURY

KUNAL PASRICHA
PHILIP MALLARD
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF MASSACHUSETTS

DISTRICT OF MASSACHUSETTS:  October 2, 2019
Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK   10/2/19 @ 2:12 PM

8