# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>1. ERICK LOPEZ FLORES,<br>    A/K/A "MAYIMBU";<br><br>2. HENRI SALVADOR GUTIERREZ,<br>    A/K/A "PERVERSO";<br><br>3. ELISEO VAQUERANO CANAS,<br>    A/K/A "PELIGROSO";<br><br>4. JONATHAN TERCERO YANES,<br>    A/K/A "DESALMADO";<br><br>5. MARLOS REYES,<br>    A/K/A "SILENCIO"; and<br><br>6. DJAVIER DUGGINS<br>    A/K/A "HAZE,"<br><br>        Defendants. | Case No. 18-cr-10450-MLW |

## STATUS REPORT

The United States files this status report to advise the Court and the parties about a Superseding Indictment that was returned earlier today. *See* Docket No. 83 (First Superseding Indictment). This status report highlights the minimal changes between the original Indictment and the First Superseding Indictment in case it assists the Court in scheduling arraignments and/or assists any of the defendants in determining whether they wish to waive arraignment. The government advises as follows:

    1.    The First Superseding Indictment does not add or remove any defendants to the case, and all six defendants in the Superseding Indictment remain the same as originally charged.

2. The First Superseding Indictment does not add or remove any charges in this case, and all six defendants remain charged in a one-count indictment alleging racketeering conspiracy in violation of 18 U.S.C. § 1962(d).

3. The First Superseding Indictment does not add or remove any enhanced sentencing factors or change the maximum potential penalties faced by any defendant. Defendants (1) Erick Lopez Flores, (2) Henri Salvador Gutierrez, (3) Eliseo Vaquerano Canas, (4) Jonathan Tercero Yanes, and (5) Marlos Reyes still face up to life in prison for their alleged participation in the charged racketeering conspiracy and for their alleged roles in the July 30, 2018 murder of Herson Rivas (as alleged in paragraphs 13 of both the original Indictment and the First Superseding Indictment). Defendant (6) Djavier Duggins still faces up to 20 years in prison for his alleged participation in the charged racketeering conspiracy (as alleged in both indictments).

4. The only substantive change to the original indictment is a revision to paragraph 10, where the First Superseding Indictment adds two additional types of racketeering activity undertaken by the MS-13 enterprise: as alleged in paragraph 10(d), members of the MS-13 enterprise participated in acts involving trafficking in controlled substances, including marijuana, in violation of 21 U.S.C. §§ 846 and 841(a)(1); and as alleged in paragraph 10(e), members of the MS-13 enterprise participated in acts involving the possession and use of false identification documents, in violation of 18 U.S.C. § 1028.

5. Other than the revision to paragraph 10 highlighted above, the First Superseding Indictment generally mirrors the allegations in the original Indictment, and there are no other material changes to paragraphs 1-7 (describing the enterprise); paragraph 8 (describing the purposes of the enterprise), paragraphs 9-11 (describing the

racketeering conspiracy), paragraphs 12-13 (describing the means and methods of the enterprise), or the forfeiture allegations.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By: /s/ Kunal Pasricha
KUNAL PASRICHA
PHILIP MALLARD
Assistant United States Attorneys

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: /s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney