UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cr. No. 18-10450-MLW |
| | ) | |
| ERICK LOPEZ FLORES, | ) | |
| HENRI SALVADOR GUTIERREZ, | ) | |
| ELISEO VAQUERANO CANAS, | ) | |
| JONATHAN TERCERO YANES, | ) | |
| MARLOS REYES, and | ) | |
| DJAVIER DUGGINS, | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

WOLF, D.J.                                                August 19, 2020

For the reasons explained more fully at the August 17, 2020 hearing, it is hereby ORDERED that:

1. Defendant Henri Salvador Gutierrez's Motion to Dismiss the Superseding Indictment (Dkt. No. 133) is DENIED. The Superseding Indictment alleges that the MS-13 "enterprise was engaged in, and its activities affected, interstate and foreign commerce." See Docket No. 83, ¶7. This description of the interstate or foreign commerce element is adequate to survive a facial challenge because it "use[s] the words of the relevant criminal statute." United States v. Wells, 766 F.2d 12, 22 (1st Cir. 1985); see also United States v. Rodriguez-Torres, 939 F.3d 16, 27-28 (1st Cir. 2019) (citing United States v. Doherty, 867 F.2d 47, 68 (1st Cir. 1989)).

Defendant's motion to dismiss is addressed to the sufficiency of the evidence the government plans to introduce in support of the interstate or foreign commerce element of the 18 U.S.C. §1962(d) RICO conspiracy charge. However, generally, "when a defendant seeks dismissal of the indictment, the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense." United States v. Stepanets, 879 F.3d 367, 372 (1st Cir. 2018) (quotations and citations omitted). As denying the motion, as the government requests, will not adversely affect its right to appeal, and deciding whether to grant the motion before trial would require "more than a de minimis review" of the evidence concerning whether the activities of MS-13 affected interstate or foreign commerce, there is good cause to defer a ruling on the adequacy of that evidence until trial in the context of a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29; United States v. Barletta, 644 F.2d 50, 58-59 (1st Cir. 1981). See also Fed. R. Crim. P. 12(d). The court is exercising its discretion to do so.

If defendant does not believe that he has adequate information concerning the government's theory concerning interstate or foreign commerce, he may move for a bill of particulars. See, e.g., United States v. Paiva, 892 F.2d 148, 154 (1st Cir. 1989).

2. Salvador Gutierrez's Motion to Strike Surplusage from the Superseding Indictment and for Ancillary Relief (Dkt. No. 134) is DENIED. "Motions to strike surplusage from an indictment will be granted only where the challenged allegations are not relevant to the crime charged and are inflammatory and prejudicial." United States v. Scarpa, 913 F.2d 993, 1013 (2d Cir. 1990) (quotation and citation omitted). "The determinative question in a motion to strike surplusage is not the prejudice, but the relevance of the allegation to the crime charged." United States v. Sawyer, 878 F. Supp. 279, 294 (D. Mass. 1995) (citing United States v. Gambale, 610 F. Supp. 1515, 1542-43 (D. Mass. 1985)). Where the allegations are relevant, such as where they "serve to identify the enterprise and the means by which" the enterprise operates, striking is inappropriate. United States v. Urso, 369 F. Supp. 2d 254, 270 (E.D.N.Y. 2005); see also United States v. Berroa, 856 F.3d 141, 157 (1st Cir. 2017). Here, the challenged allegations in the Superseding Indictment concern the nature of the MS-13 enterprise, and the means and methods by which it operates, which are relevant to proving elements of the RICO conspiracy charged. These allegations are not made in an inflammatory manner. Therefore, they are not "surplusage."

3. The court is not now ordering Salvador Gutierrez to submit to a competency examination because there is not reasonable cause to believe that he is unable to understand the nature and

3

consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. §4241(a). Nor is the court ordering an evaluation of Salvador Gutierrez for any other purpose because the government has not requested such an examination. See Fed. R. Crim. P. 12.2(c)(1)(B). Counsel for Salvador Gutierrez shall inform the court immediately if he discerns in the future any reason to question defendant's competency to stand trial.

4. After consulting Eliseo Vaquerano Canas, his counsel shall, by August 18, 2020, confirm her representation that he does not assert that my recusal is required by 28 U.S.C. §455(a) or (b) and, waives, pursuant to 28 U.S.C. §455(e), any ground for disqualification under §455(a) based on my disclosures regarding Adolescent Consultation Services. Defendant Jonathan Terceo Yanes shall also, by August 18, 2020, confirm that he too waives any claim that my recusal is required by §455(a).

5. Any motion to extend the deadline for the government or defendant Djavier Duggins to file motions in limine, motions to suppress, or motions to dismiss shall be filed by August 20, 2020.

6. The parties shall order the transcript of the August 17, 2020 hearing.

_/s/ Mark L. Wolf_
UNITED STATES DISTRICT JUDGE