## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

v.

HENRI SALVADOR GUTIERREZ,
ELISEO VAQUERANO CANAS,
JONATHAN TERCERO YANES, and
DJAVIER DUGGINS,
                    Defendants.

Cr. No. 18-10450-MLW

## MEMORANDUM IN RESPONSE TO ORDER (DKT. NO. 544) REGARDING ADMISSIBILITY OF GUTIERREZ'S STATEMENTS UNDER FED. R. EVID. 804(b)(3)

The government submits this memorandum in response to the court's January 26, 2021 order regarding whether defendant Henri Salvador Gutierrez's statements to CW-13 are admissible pursuant to Fed. R. Evid. 804(b)(3) at a joint trial. *See* Dkt. No. 544. For the reasons described below, Gutierrez's statements to CW-13 are admissible against all defendants pursuant to Fed. R. Evid. 804(b)(3) and they do not raise confrontation clause issues when admitted against Gutierrez's co-defendants.

### I.     Factual and Procedural Background

On October 24, 2018, Gutierrez a/k/a Perverso made a series of incriminating statements to CW-13 while they were both housed together at the Middlesex House of Corrections in Billerica. *See, e.g*., Dkt. No. 554 (government's sealed opposition to Gutierrez's motion to suppress); Dkt. No. 556 (sealed stipulation regarding Gutierrez's motion to suppress) and Ex. 1 thereto (draft translation of October 24, 2018 recording).

When he made his statements to CW-13, Gutierrez believed that CW-13 was a fellow MS-13 member and Gutierrez did not know that CW-13 was cooperating with law

enforcement. *See* Dkt. No. 554 at pp. 15-17 (noting it is undisputed that Gutierrez believed he was speaking with a fellow gang member and not with an informant; highlighting Gutierrez's own motion, which unequivocally states, "what he [Gutierrez] clearly did not know was that CW-13 was an agent of law enforcement…").

When speaking with CW-13, Gutierrez not only incriminated himself, but he also incriminated each of his co-defendants in the charged MS-13 racketeering conspiracy. *See generally* Dkt. No. 556, Ex. 1 (draft transcript containing numerous statements against interest by Gutierrez, which incriminated both himself and his co-conspirators). Recognizing that these statements provide devastating evidence of their membership in the charged conspiracy, each of the remaining co-defendants have filed motions seeking to exclude Gutierrez's statements. The government has previously responded in detail to each of the motions. *See* Dkt. No. 364 (Government's omnibus opposition to (i) motion in limine (Dkt. No. 334) filed by Djavier Duggins a/k/a Haze seeking to exclude the Gutierrez statements, and (ii) joint motion in limine (Dkt. No. 357) filed by Eliseo Vaquerano Canas a/k/a Peligroso and Jonathan Tercero Yanes a/k/a Desalmado seeking to exclude the Gutierrez statements)

As stated in prior filings, Gutierrez's statements to CW-13 are admissible against each of the defendants for several independent reasons, and the government has traditionally sought to introduce such statements against co-conspirators of the declarant under Fed. R. Evid. 801(d)(2)(E) as statements "made by the party's coconspirator during and in furtherance of the conspiracy." *See* Dkt. No. 364 (arguing, *inter alia*, that Gutierrez's statements meet each of the requirements for admission under Rule 801(d)(2)(E)).  One of the traditional benefits of this approach is that the court does not need to determine whether a hearsay exception applies because such co-conspirator

statements are, by rule, "not hearsay" in the first instance. *See* Fed. R. Evid. 801(d)(2). It usually follows that given that such co-conspirator statements are not hearsay—let alone testimonial hearsay—admission under this rule generally does not require a trial court to constantly respond to complaints about the Confrontation Clause, because the Confrontation Clause only applies to testimonial statements.

Given the above, the government often seeks to introduce such co-conspirator statements under Rule 801(d)(2)(E). The First Circuit has found no error in the applicability of Rule 801(d)(2)(E) to statements unwittingly made by a declarant to an informant he wrongly believed was his co-conspirator, including the admission of similar recorded statements in recent MS-13 prosecution(s) in this District. *See United States v. Leoner-Aguirre*, 939 F.3d 310, 320 (1st Cir. 2019), *cert. denied*, 140 S. Ct. 820 (2020) ("Statements made by the defendant's co-conspirators during and in furtherance of the conspiracy are not hearsay. Fed. R. Evid. 801(d)(2)(E). Here, sufficient evidence supported the district court's decision to admit the recorded statement by [the declarant] Menjivar: Menjivar was a member of the Enfermos [clique], and he made this statement to an informant while discussing another Enfermos member's alleged betrayal."). The government continues to believe that Gutierrez's statements—where, like some other recent defendants, he unwittingly tells another MS-13 member who is a government informant about the gang's activities—qualify as co-conspirator statements.

Notwithstanding the potential applicability of Rule 801(d)(2)(E) to Gutierrez's statements, the court has astutely noted that Gutierrez's statements may also be admissible under Rule 804(b)(3) as statements against interest. The government had not previously briefed this issue given that it has traditionally sought to admit co-conspirator statements under Rule 801(d)(2)(E), but the government appreciates the opportunity to

brief the issue now.  As stated below, the government's research indicates that Gutierrez's statements—once deemed to be statements against interest under Rule 804(b)(3)—would also be admissible against his co-defendants at a joint trial.[1]

## II.    Gutierrez's Statements Are Admissible Against Him Under Fed. R. Evid. 804(b)(3) as Statements Against Interest.

Before turning to whether Gutierrez's statements are admissible against his co-defendants, the government notes that Gutierrez's statements are admissible against him as statements against interest under Fed. R. Evid. 804(b)(3).  The government has always intended to use Rule 804(b)(3) as one of the primary mechanisms to admit Gutierrez's statements against Gutierrez himself, along with Rule 801(d)(2)(A) (which allows for the admission of statements by a party opponent).  *See, e.g.*, Dkt. No. 554 (opposition to motion to suppress) at p. 52, n. 11 ("[E]ven if Gutierrez's statements were hearsay—and they plainly are *not* hearsay as a definitional matter—the statements would still meet hearsay exceptions. Fed. R. Evid. 804(b)(3), for example, makes clear that statements against interest are exceptions to hearsay. It is difficult to imagine a statement being more against a declarant's interest than statements that expose him to criminal liability for conspiracy and murder."); Dkt. No. 364 (opposition to motion in limine) at p. 31 ("[T]he defendants cannot seriously argue that Gutierrez's statements are not admissible as statements against penal interest.  Gutierrez made multiple statements *admitting to murder*. It is hard to imagine a category of statements more against a declarant's penal interest.") (citations omitted).

---

[1]    At trial, the government will likely seek to admit Gutierrez's statements under any and all applicable rules of evidence, and the government believes it would be prudent for the court to make a finding in the alternative that Gutierrez's statements are also admissible as co-conspirator statements under Fed. R. Evid. 801(d)(2)(E).

### III.   Gutierrez's Statements Are Admissible Against his Co-Defendants and There is No Confrontation Clause Violation.

Under Rule 804(b)(3), a hearsay statement may be admissible as a statement against interest if it (a) was self-inculpatory when made because it would "expose the declarant to civil or criminal liability," and (b) it "is supported by corroborating circumstances that clearly indicate its trustworthiness."  Both these factors are present in this case, the statements are admissible under Rule 804(b)(3), and once deemed admissible under that rule, the statements are admissible against every defendant.

#### A.   The Statements Were Against the Declarant's Interest.

A statement is self-inculpatory under Rule 804(b)(3) if it is "sufficiently against the declarant's penal interest 'that a reasonable person in the declarant's position would not have made the statement unless believing it to be true.'"  *United States v. Barone*, 114 F.3d 1284, 1295 (1st Cir. 1997) (quoting *Williamson v. United States*, 512 U.S. 594, 603–04 (1994)).

Even a cursory review of Gutierrez's statements to CW-13 make clear the self-inculpatory nature of the statements.  *See generally* Dkt. No. 556, Ex. 1 (draft translation of October 24, 2018 recording).  Gutierrez admits to his membership in the MS-13 criminal enterprise, his association with multiple other MS-13 members, and his participation in racketeering activity in furtherance of the MS-13 enterprise, including his personal participation in the murders of two teenagers.  It would defy credulity for the defendants to argue that Gutierrez's statements admitting to membership in one of the world's most violent gangs and his statements about committing murder and other crimes while a member of MS-13 were not statements against his interest.  It is difficult to

imagine many statements that are more incriminating and against a declarant's penal interest than the statements made by Gutierrez.

The government submits that in analyzing the applicability of Rule 804(b)(3), the difficult question for the court is not whether the rule applies to Gutierrez's statements on or about October 24, 2018, but whether the entirety of Gutierrez's statements are statements against his interest. *Williamson* contemplates a statement-by-statement analysis to determine whether statements are against a declarant's penal interest. Accordingly, defendants sometimes try to nitpick and exclude certain portions of broader incriminating statement. Here, the defendants have not done that (for example, by asking that a particular sentence here or there be redacted). Instead, they have sought to exclude the entirety of Gutierrez's statements on or about October 24, 2018. Nonetheless, for present purposes, the government submits that the entire transcript is admissible because each of the statements either qualify by themselves as statements against interest under Rule 804(b)(3), or they are otherwise admissible under some other rule of evidence.

Notably, an important corollary to Rule 804(b)(3) provides for significant other portions of Gutierrez's statements to be admitted: specifically, even as to statements that do not directly inculpate Gutierrez himself, Gutierrez's statements about his co-conspirators are statements against his interest because by their very nature, they demonstrate his personal involvement in the conspiracy. *See, e.g.*, *Barone*, 114 F.3d at 1297 (in a racketeering case, holding that the declarant's statements were admissible under Rule 804(b)(3), even when not directly inculpating himself in a murder, because they were nonetheless still against his penal interest "insofar as they inculpate him in criminal acts and conspiracies with others to commit criminal acts.") (citations omitted). The same is true here. Even in those instances where Gutierrez is not directly

and explicitly inculpating himself (e.g., when he is describing his personal participation in two murders), his statements inculpating his co-defendants are functionally also statements against his own interest because they implicate him by association in the criminal acts and conspiracies of his co-conspirators.  At the very least, for example, the statements inculpate himself in the "association-in-fact" enterprise currently alleged in the pending indictment against him.

Moreover, to the extent that the statements implicate Gutierrez in the MS-13 gang and its activities, "they demonstrate 'an insider's knowledge' of a criminal enterprise and its criminal activities, which is sufficiently against [a declarant's] penal interest to come within the exception." *Barone*, 114 F.3d at 1297 (citing *United States v. Barrett,* 539 F.2d 244, 252 (1st Cir. 1976) and *Williamson,* 512 U.S. at 606–07 (Scalia, J., concurring)).  *See also United States v. Volpendesto*, 746 F.3d 273, 288 (7th Cir. 2014) (holding that statements that demonstrate a declarant's "inside knowledge" about a conspiracy or "intimate knowledge of a crime" are against the declarant's penal interest).  Here, nearly everything Gutierrez tells CW-13—if not otherwise self-incriminating on its face—is incriminating because it demonstrates Gutierrez's inside knowledge of MS-13 and the gang's activities.

### B.  The Circumstances in Which the Statements Were Made Provide Sufficient Corroboration.

Rule 804(b)(3) also requires that the statement(s) be "supported by corroborating circumstances that clearly indicate its trustworthiness."  To that end, "It is not necessary that the corroboration consist of 'independent evidence supporting the truth of the matter asserted by the hearsay statements, but evidence that clearly indicates that the statements

were worthy of belief, based upon the circumstances in which the statements were made.'"
*United States v. Pelletier*, 666 F.3d 1, 8 (1st Cir. 2011) (citing *Barone*, 114 F.3d at 1300).

Here, the circumstances in which the statements were made provide the requisite corroboration indicating their trustworthiness.  Specifically, Gutierrez did not make this statement to law enforcement, but rather, he made numerous self-incriminating statements to someone he believed was a fellow MS-13 gang member and confidant.  This factor alone points towards an inherent sense of reliability.  *See, e.g.*, *Pelletier*, 666 F.3d at 8 ("[T]he fact that [declarant] made the statements to fellow inmate [ ], rather than in an attempt to curry favor with police, cuts in favor of admissibility.").  Further, the nature and circumstances of the conversation, in addition to Gutierrez making no effort whatsoever to minimize his own role or shift blame or curry favor with authorities, all point towards some basic level of corroboration and trustworthiness.

Relatedly, to the extent Gutierrez's statements inculpate co-defendants Duggins, Vaquerano Canas, and Tercero Yanes in addition to inculpating Gutierrez himself, such statements are still within the purview of Rule 804(b)(3).  *See, e.g.*, *Barone*, 114 F.3d at 1295 ("A statement against penal interest is not rendered inadmissible 'merely because the declarant names another person or implicates a possible codefendant.'") (citing *Williamson*, 512 U.S. at 606 (Scalia, J., concurring)).  In *Barone*, the First Circuit clarified that when analyzing statements that inculpate both the declarant and the defendant, such statements may be sufficiently reliable as to be admissible where the challenged statement are made "to an ally, rather than to a law enforcement official, and where the circumstances surrounding the portion of the statement that inculpates the defendant provide no reason to suspect that this portion of the statement is any less trustworthy than the portion that inculpates the declarant."  114 F.3d at 1295-96.  Here,

for example, there is no reason to believe that Gutierrez's self-incriminating statements about his own participation in the murder of Herson Rivas have an indicia of reliability, but the related statements about how Vaquerano Canas or someone else was also there and stabbing Rivas somehow is without the same indicia of reliability.  *See id.*

*United States v. York*, 933 F.2d 1343, 1363 (7th Cir. 1991) provides a helpful summary of the rationale behind this rule:  "The fear that inculpatory statements are unreliable stems largely from the presumption that such statements are self-serving, offered only to shift the blame from the declarant to another. But when, as here, the inculpatory portion of a statement is also against the declarant's interest, or when it is neutral because the declarant has not attempted to diminish his own role, there is little reason to suspect that portion of an otherwise reliable statement is untrustworthy." Given Gutierrez's graphic descriptions of his own participation in the murder of Rivas, and his lack of any effort whatsoever to shift blame or minimize his own participation, there is little reason to suspect that his statements inculpating his co-conspirators are untrustworthy.

### C. <u>Independent Evidence Provides Sufficient Corroboration.</u>

Finally, the government notes that at trial, there will be significant independent evidence corroborating the statements made by Gutierrez on the October 24, 2018 recording.  For example, the government will likely have two co-conspirators testifying about the participation of the remaining defendants in the MS-13 conspiracy, and the participation of Gutierrez, Vaquerano, Tercero, and others in the murder of Rivas.  The government notes that, to date, the defendants have done little more than raise generalized complaints that perhaps Gutierrez's statements cannot be corroborated, but they have yet to argue that the critical portions of Gutierrez's statements are contradicted

by other evidence.  The government can make an offer of proof that other evidence will further provide corroboration for Gutierrez's statements and the government can brief this issue further, if needed.  For now, the government simply notes that Gutierrez's statements to CW-13 were recorded, are plainly against his self-interest, and were made in circumstances that indicate their trustworthiness.  *See Pelletier*, 666 F.3d at 8; *see also United States v. Veloz*, 948 F.3d 418, 431 (1st Cir. 2020) (holding that there was "no merit" to a defendant's challenge to the admission of statements under Rule 804(b)(3) because, among other things, the statements were made to a fellow inmate and had indicia of reliability).

## IV. Cases Identified by the Court Further Support the Admissibility of Gutierrez's Statements Against His Co-Defendants and There is No Confrontation Clause Violation.

In an order dated February 4, 2021, the court asked the parties to address three Court of Appeals cases as part of the discussion on whether Gutierrez's statements are admissible against his co-defendants under Rule 804(b)(3).  *See* Dkt. No. 576.  Each of the three cases identified by the court strongly support the government's position and the admission of Gutierrez's statements against his co-defendants.

In *United States v. Volpendesto*, 746 F.3d 273, 289-92 (7th Cir. 2014), the Seventh Circuit analyzed the admission of recorded statements unwittingly made by a co-defendant to an informant in a RICO conspiracy case.  Another defendant objected to the introduction of statements made by the co-defendant/co-conspirator, arguing that the statements did not qualify under the statements against interest exception to hearsay outlined in Rule 804(b)(3).  The court found no error in the introduction of the co-defendant's statements, finding that the challenged statements "fit comfortably within the exception."  *Id.* at 288.  For present purposes, the court's analysis of what constitutes an

inculpatory statement is especially instructive. *See id.* at 288-89.  In particular, the court noted that "statements that demonstrate a declarant's inside knowledge of a crime" and "statements that display the declarant's 'intimate knowledge of a crime' are against the declarant's penal interest.  *Id.* at 288 (citations omitted).

Applied to the facts of this case, the principles discussed in *Volpendesto* make clear that Gutierrez's statements—even in those instances when they are not explicitly against Gutierrez's own penal interests—are nonetheless statements against his interest because they demonstrate Gutierrez's "inside knowledge" and "intimate knowledge" about the MS-13 criminal enterprise and the charged racketeering conspiracy.   For example, on numerous occasions in the transcript, Gutierrez makes clear—at least implicitly if not explicitly—that he has personal knowledge about the MS-13 gang, and his personal involvement is part of the basis of his statements about both himself and his co-defendants.  Accordingly, when Gutierrez makes statements about Duggins, Vaquerano Canas, or Tercero Yanes, those are not "exculpatory" or "burden shifting" statements but are still "statements against interest" because the statements also necessarily demonstrate his own membership and participation in the MS-13 enterprise.  Just like in *Volpendesto*, in which "All of the challenged portions of the recording … demonstrated Volpendesto's inside knowledge of the crime and its surrounding events," *id.* at 288, the Gutierrez recording also shows his inside knowledge of the crime [RICO conspiracy] and its surrounding events.  Thus, Gutierrez's statements are admissible as statements against interest under Rule 804(b)(3).[2]

---

[2]    In *Volpendesto*, the district court also alternatively admitted the incriminating statements against the co-defendants under Rule 801(d)(2)(E) as co-conspirator exceptions to hearsay.  *See* 746 F.3d at 288, n. 5.  Because the Seventh Circuit held that the statements were properly introduced under the statement-against-interest exception,

Separately, *Volpendesto* makes clear that when it comes to statements against interest, "once the hearsay is deemed sufficiently reliable to qualify for the exception, it may be used for any purpose, including as substantive evidence of a co-defendant's guilt." *Id.* (citing, *inter alia*, *United States v. Hamilton*, 19 F.3d 350, 354-57 (7th Cir. 1994) for the proposition that admitting a co-defendant's hearsay statement against a non-declarant defendant under Rule 804(b)(3) does not constitute a *Bruton* violation).

The Seventh Circuit's discussion of the *Bruton* issue in *Volpendesto* is consistent with the First Circuit's *Bruton* jurisprudence—the First Circuit has repeatedly stated that non-testimonial statements simply do not implicate *Bruton*. *See, e.g.*, *United States v. Castro-Davis*, 612 F.3d 53, 65–66 (1st Cir. 2010) ("Since we have determined that the recorded conversation was non-testimonial, Bruton is not implicated."). Like the recorded conversations in *Castro-Davis* and *Volpendesto*, the recorded conversations of Gutierrez are non-testimonial and thus do not implicate the rule in *Bruton*. Once qualified as statements against interest under Rule 804(b)(3), Gutierrez's statements can be admitted against his co-defendants without violating *Bruton*, *Crawford*, or the Confrontation Clause (all of which apply only to testimonial statements).

*United States v. Clark*, 717 F.3d 790, 813-17 (10th Cir. 2013) merits a similar conclusion. In *Clark*, the Tenth Circuit analyzed at great length whether the admission of a non-testifying co-defendant's statements in a joint trial violated the defendant's Confrontation Clause rights, concluding that it did not. *See id.* In sum, the court concluded that the Confrontation Clause—and cases like *Bruton* and *Crawford*—only

---

it did not address this alternate basis for their admission. *Id.* The government highlights this simply to reiterate its intention to seek alternate basis to admit Gutierrez's statements under Rule 801(d)(2)(E) and the prudence of such an approach.

apply to testimonial statements. *Id*. at 814-816. Given that the co-defendant's statements in that case were not testimonial in the first instance, the court concluded that any *Bruton* claim must necessarily fail. *Id*. at 817.

The Tenth Circuit's reasoning in *Clark* is sound and consistent with the First Circuit's Confrontation Clause jurisprudence post-*Bruton* and post-*Crawford*. *See, e.g*., *United States v. Figueroa-Cartagena*, 612 F.3d 69, 85 (1st Cir. 2010) ("The *Bruton/ Richardson* framework presupposes that the aggrieved co-defendant has a Sixth Amendment right to confront the declarant in the first place. If none of the co-defendants has a constitutional right to confront the declarant, none can complain that his right has been denied. It is thus necessary to view *Bruton* through the lens of *Crawford* and *Davis*."). As the First Circuit went on to state in *Figueroa-Cartagena*, "The threshold question in every case is whether the challenged statement is testimonial. If it is not, the Confrontation Clause has no application." 612 F.3d at 85 (quotation omitted). *See also United States v. Johnson,* 581 F.3d 320, 326 (6th Cir. 2009) ("Because it is premised on the Confrontation Clause, the *Bruton* rule, like the Confrontation Clause itself, does not apply to nontestimonial statements."). Given that Gutierrez's statements to CW-13 were nontestimonial, the Confrontation Clause has no application, there is no *Crawford* violation, and *Bruton* does not require severance.

Notably, the First Circuit reaffirmed the important interplay between the Confrontation Clause and testimonial statements as recently as this past month. *See United States v. Estes*, -- F.3d --, 2021 WL 128707 at *5 (Jan. 14, 2021) ("It is well-settled that when a statement is non-testimonial, there is no right to confrontation.") (citations omitted) (citing numerous cases from the Supreme Court and the First Circuit outlining this critical requirement). Neither Gutierrez nor his co-defendants can make the

threshold showing that Gutierrez's unwitting statements to an informant were testimonial. Accordingly, given that Gutierrez's statements to CW-13 were non-testimonial, there is no right to confrontation. It follows that if Gutierrez's statements are admitted into evidence as statements against interest (or under some other rule of evidence), there would be no Confrontation Clause or *Bruton* violation.

Finally, as to the applicability of the third case identified by the court, *United States v. Kirk Tang Yuk*, 885 F.3d 57 (2d Cir. 2018), in that case, the Second Circuit rejected as "meritless" a defendant's argument that certain testimony about statements made in jail violated his Confrontation Clause rights. *Id.* at 81, n. 13 (noting that "for Confrontation Clause purposes, the question is whether, in light of all the circumstances, viewed objectively, the primary purpose of the conversation was to create an out-of-court substitute for trial testimony") (citation omitted). The circumstances of the statements in *Kirk Tang Yuk* differ slightly from the circumstances of the statements in this case, but in any event, for the reasons previously stated, "in light of all the circumstances, viewed objectively," the primary purpose of Gutierrez's discussion with CW-13 was not to create testimonial statements. As Gutierrez himself made clear in his motion to suppress, he did not know that he was speaking to someone who was an informant or a law enforcement agent, and he had no reason to believe that his statements were testimonial. The framework outlined in *Kirk Tang Yuk* is consistent with First Circuit law, and to the extent the First Circuit has opined on this issue, the court appears to have consistently held that statements made to non-law enforcement personnel are not testimonial. *See, e.g.*, *Pelletier,* 666 F.3d at 9-10 (finding that statements made from one inmate to another under informal circumstances were not testimonial); *United States v. Castro-Davis,* 612 F.3d 53, 65 (1st Cir. 2010) (finding that statements made by defendant to his mother in a

recorded telephone conversation were not testimonial); *Horton v. Allen,* 370 F.3d 75, 84 (1st Cir. 2004) (finding that statements made to an acquaintance during a private telephone conversation were not testimonial).

## CONCLUSION

Gutierrez's statements to CW-13 were against his penal interest and otherwise demonstrated his intimidate knowledge and/or inside information about the MS-13 enterprise and the charged conspiracy. Accordingly, his statements are admissible against him as statements against interest under Fed. R. Evid. 804(b)(3). Once deemed to be admissible under Rule 804(b)(3), the statements can be used for any purpose, including as substantive evidence against Gutierrez's co-defendants. Gutierrez's statements to CW-13 were not testimonial, and accordingly, admitting the statements against Gutierrez's codefendants would not violate their Confrontation Clause rights.

For the reasons above, the Court should provisionally rule that Gutierrez's statements will be admissible at trial against all remaining codefendants under Fed. R. Evid. 804(b)(3). At trial, the government intends to also provide alternate grounds for the admissibility of Gutierrez's statements. Among other things, Gutierrez's statements are also admissible against him under Fed. R. Evid. 801(d)(2)(A) as statements of a party opponent, and Gutierrez's statements are admissible against his co-defendants under Fed. R. Evid. 801(d)(2)(E) as statements by a co-conspirator in furtherance of the conspiracy. Many of the statements are also likely to be admissible for a non-hearsay purpose. For now, the motions in limine seeking to exclude the Gutierrez statements should be DENIED.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:  /s/ Kunal Pasricha
      KUNAL PASRICHA
      KAITLIN O'DONNELL
      PHILIP A. MALLARD
      Assistant United States Attorneys
      District of Massachusetts

; Dkt. No. ___ (Government's opposition to motion to suppress filed by Gutierrez (Dkt. No. ___));

**Certificate of Service**

I hereby certify that I submitted this document for electronic filing via the ECF system, which will send an electronic copy to all counsel of record who are identified on the notice of electronic filing.

By: /s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney
District of Massachusetts